# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN M. WILSON, | 2:07-cv-0616-LDG-LRL |
| Plaintiff, | |
| v. | **ORDER** |
| AARGON AGENCY INC., et al., | |
| Defendants. | |

Defendants Aargon Agency, Inc., and Duane Christy have filed a motion to dismiss plaintiff's amended complaint, or in the alternative, motion for summary judgment (#53). Because the motion raises matters of plaintiff's proof, the court will consider the motion as one for summary judgment. A grant of summary judgment is appropriate only where the moving party has demonstrated through "the pleadings, the discovery and disclosure materials on file, and any affidavits" that there is no genuine issue of material fact. Fed. R. Civ. P. 56 (c); Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. Id. The party opposing summary judgment "must cite to the record in support of the allegations made in the pleadings to

1  demonstrate that a genuine controversy requiring adjudication by a trier of fact exists." Taybron v.
2  City & County of San Francisco, 341 F.3d 957, 960 (9th Cir. 2003).  If the non-moving party
3  meets its burden, summary judgment must be denied. Fed. R. Civ. P. 56 (c).  Celotex Corp. v.
4  Catrett, 477 U.S. 317, 324 (1986).  In this case, the court notes that plaintiff has filed an
5  opposition to defendants' motion (#54), but that defendants have not filed a reply rebutting
6  plaintiff's showing.

7      Defendants first argue that the addition of defendant Christy in the motion to amend the
8  complaint was untimely and fell outside the statute of limitations for a Fair Debt Collection
9  Practices Act ("FDCPA") claim.  The court, however, rejected this argument in granting the
10 motion to amend the complaint.  Moreover, plaintiff has submitted uncontroverted evidence that
11 defendant Christy had actual notice of the lawsuit before the expiration of the statute of
12 limitations.  See Brink v. First Credit Resources, 57 F. Supp.2d 848, 861-62 (D. Ariz. 1999)
13 (company officers had notice of FDCPA action and claims against them related back to filing of
14 complaint).

15     Defendants also argue that Christy is not a "debt collector" under the FDCPA.  However,
16 defendant Aargon's admission during discovery that Duane Christy is a debt collector under
17 FDCPA raises a genuine issue of material fact, if not evidentiary conclusion, in that regard.
18 Finally, the court finds that defendants' veil-piercing and bona-fide-error arguments lack merit.
19 Accordingly,

20     THE COURT HEREBY ORDERS that defendants Aargon Agency, Inc. and Duane
21 Christy's motion to dismiss amended complaint or, in the alternative, for summary judgment (#54)
22 is DENIED.

23     Dated this 29 day of September, 2010.

25                                        Lloyd D. George
                                        United States District Judge