# EXHIBIT   1

# EXHIBIT   1

ANS
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
THE BOURASSA LAW GROUP, LLC
3025 W. Sahara Ave. Ste. 200
Las Vegas, Nevada 89102
(702) 851-2180

Attorneys for Defendant Aargon Agency, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN M. WILSON, | ) | Case No.: 2:07-cv-00616 LDG (LRL) |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | **DEFENDANT AARGON AGENCY,** |
| AARGON AGENCY, INC., A NEVADA | ) | **INC'S ANSWER TO PLAINTIFF'S** |
| CORPORATION; DUANE CHRISTY; | ) | **AMENDED COMPLAINT** |
| DOES I-V INCLUSIVE AND ROE | ) | |
| CORPORATIONS VI-X, INCLUSIVE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT AARGON AGENCY, INC'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant Aargon Agency, by and through its attorney of record, Mark J. Bourassa, Esq. and The Bourassa Law Group, LLC, and answers Plaintiff's Amended Complaint as follows:

1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

- 1 -

1     5.     Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits that Duane

2          Christy is part owner, secretary/treasurer and "qualified manager" of Aargon.

3          Defendant denies all other allegations contained therein.

4     6.     Answering Paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient

5          knowledge or information regarding the acts "described *infra*" to form a belief as to

6          the truth of the allegations contained therein, and therefore, denies the same.

7     7.     Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that it is a debt

8          collector.  With respect to the specific allegations made by Plaintiff regarding

9          Christy, Defendant is without knowledge or information sufficient to form a belief as

10         to the truth of the allegations contained therein, and therefore, denies the same.

11     8.     Answering Paragraph 8 of Plaintiff's Complaint, Defendant admits that it is a

12         furnisher of information.  With respect to the specific allegations made by Plaintiff

13         regarding Christy, Defendant is without knowledge or information sufficient to form

14         a belief as to the truth of the allegations contained therein, and therefore, denies the

15         same.

16     9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without knowledge or

17         information sufficient to form a belief as to the truth of the allegations contained

18         therein, and therefore, denies the same.

19     10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendant is without knowledge

20         or information sufficient to form a belief as to the truth of the allegations contained

21         therein, and therefore, denies the same.

22     11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendant is without knowledge

23         or information sufficient to form a belief as to the truth of the allegations contained

24         therein, and therefore, denies the same.

25     12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendant is without knowledge

26         or information sufficient to form a belief as to the truth of the allegations contained

27         therein, and therefore, denies the same.

28     13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendant is without knowledge

- 2 -

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer, and therefore, Defendant reserves the right to amend the Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE Defendant prays for judgment against Plaintiff as follows:

1.   That Plaintiff take nothing by way of this action;

2.   For costs of suit incurred herein;

3.   For attorneys fees and costs; and,

4.   For all other such relief that this court deems just and proper.


DATED this 17th day of October, 2010.


THE BOURASSA LAW GROUP, LLC

*/s/ Mark J. Bourassa*

By:_____
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
*Attorney for Defendant*

- 9 -

## CERTIFICATE OF SERVICE

It is hereby certified that service of the forgoing DEFENDANT AARGON AGENCY, INC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, was made through the Court's electronic filing and notification, or, as appropriate, by sending a copy thereof by first-class mail from Las Vegas, Nevada, addressed to the following addressee(s):

Craig V. Friedberg, Esq.
4760 S. Pecos Rd. Suite 103
Las Vegas, Nevada 89121
Counsel for Plaintiff

DATED this 17th day of October, 2010.

THE BOURASSA LAW GROUP, LLC

*/s/ Mark J. Bourassa*

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
3025 West Sahara Ave., Ste. 200
Las Vegas, Nevada 89102
Attorney for Defendant

- 10 -

# EXHIBIT  2

# EXHIBIT  2

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
MOLLY C. KRAMER, ESQ.
Nevada Bar No. 9085
**THE BOURASSA LAW GROUP, LLC.**
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189

Attorneys for Defendant Aargon Agency, Inc.

# UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BRIAN M. WILSON | CASE NO.: 2:07-CV-00616-LDG (LRL) |
| Plaintiff, | |
| vs. | **AARGON AGENCY INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS** |
| AARGON AGENCY, INC., a Nevada corporation, DOES I-V, inclusive and ROE corporations VI-X, inclusive, | |
| Defendants. | |

## AARGON AGENCY'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW, PLAINTIFF AARGON AGENCY, INC., by and through its attorney of record, MARK J. BOURASSA, ESQ., of the law firm THE BOURASSA LAW GROUP, LLC., and submits this RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS.

ADMIT OR DENY THE FOLLOWING:

**REQUEST FOR ADMISSION NO. 1:**

Plaintiff is not liable on the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Deny.

**REQUEST FOR ADMISSION NO. 2:**

- 1 -

The ACCOUNT should never have been reported on Plaintiffs credit report.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny.

**REQUEST FOR ADMISSION NO. 3:**

At least one CRA notified YOU of Plaintiffs dispute of Defendant's Account as not being his.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO. 4:**

YOU verified the ACCOUNT should continue being reported, following a request to verify from TRANS UNION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 5:**

YOU verified the ACCOUNT should continue being reported, following a request to verify from EQUIFAX.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 6:**

YOU verified the ACCOUNT should continue being reported, following a request to verify from EXPERIAN.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

This Answering Defendant is without sufficient knowledge, information or facts to

- 2 -

admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 7:**

Plaintiff notified YOU that he disputed information on his credit report that had been reported by Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:**

YOU received notice from at least one CRA that Plaintiff was disputing information reported by Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

YOU did not delete all information that Plaintiff disputed as not his.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection. This Request for Admission is improper in that it requests an admission or denial regarding an assumed and unsubstantiated fact that the account was not Plaintiff's. With respect to the remaining issues addressed in this Request, this Answering Defendant admits that it did not delete Plaintiff's disputed information because the account was verified as being Plaintiff's.

**REQUEST FOR ADMISSION NO. 10:**

YOUR reporting of inaccurate information regarding Plaintiff in the two years preceding the initiation of, and during this LITIGATION, caused Plaintiff to sustain actual damages.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection. This Request for Admission is improper in that it requests an admission or

- 3 -

denial regarding an assumed and unsubstantiated fact that the reporting was inaccurate. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 11:**

YOU did not comply with YOUR procedures in handling information disputed by Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny.

**REQUEST FOR ADMISSION NO. 12:**

On at least one occasion in the two years preceding this LITIGATION, YOU failed to comply with at least one provision of the FCRA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Deny.

**REQUEST FOR ADMISSION NO. 13:**

YOU completely deny any responsibility or fault in regard to any false, inaccurate or incomplete information that YOU reported concerning Plaintiff either in the two years before or during this LITIGATION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Objection. This Request for Admission is improper in that it is compound. Admit.

**REQUEST FOR ADMISSION NO. 14:**

After determining that the information reported about Plaintiff should stop being reported on credit reports about Plaintiff, YOU failed to request deletion by each CRA to which Defendant furnished the information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Objection.  This Request for Admission is improper in that it requests an admission or denial regarding an assumed and unsubstantiated fact that the information being reported should stop.  This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 15:**

That in the two years before and up to the date of the initiation of this LITIGATION, Duane Christy was an officer of Defendant

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admit.

**REQUEST FOR ADMISSION NO. 16:**

That in the two years before and up to the date of the initiation of this LITIGATION, Michael Boyce was an officer of Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

That in the two years before and up to the date of the initiation of this LITIGATION, Rita Boyce was an officer of Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**

That in the two years before and up to the date of the initiation of this LITIGATION, Duane Christy was a shareholder of Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

That in the two years before and up to the date of the initiation of this LITIGATION, Michael Boyce was a shareholder of Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

That in the two years before and up to the date of the initiation of this LITIGATION, Rita Boyce was a shareholder of Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

That Duane Christy is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admit.

**REQUEST FOR ADMISSION NO. 22:**

That Michael Boyce is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admit.

**REQUEST FOR ADMISSION NO. 23:**

That Rita Boyce is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admit.

**REQUEST FOR ADMISSION NO. 24:**

That Duane Christy is or was engaged in the collection of debts from consumers using the mail and telephone and regularly attempts to collect consumer debts alleged to be due to another.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Objection. This Request for Admission is improper in that it is vague as to time and is compound as it asks three separate questions in two different time periods. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 25:**

That Michael Boyce is or was engaged in the collection of debts from consumers using the mail and telephone and regularly attempts to collect consumer debts alleged to be due to another.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Objection. This Request for Admission is improper in that it is vague as to time and is compound as it asks three separate questions in two different time periods. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 26:**

That Rita Boyce is or was engaged in the collection of debts from consumers using the mail and telephone and regularly attempts to collect consumer debts alleged to be due to another.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Objection.  This Request for Admission is improper in that it is vague as to time and is compound as it asks three separate questions in two different time periods.  This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 27:**

On or about June 1, 2006, YOU sent or caused to be sent a letter, a copy of which is attached as Exhibit A to this discovery demand, to Plaintiff seeking to collect an alleged debt or debts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Admit.

**REQUEST FOR ADMISSION NO. 28:**

On or about June 1, 2006, Duane Christy sent or caused to be sent a letter, a copy of which is attached as Exhibit A to this discovery demand, to Plaintiff seeking to collect an alleged debt or debts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admit.

**REQUEST FOR ADMISSION NO. 29:**

On or about June 1, 2006, Michael Boyce sent or caused to be sent a letter, a copy of which is attached as Exhibit A to this discovery demand, to Plaintiff seeking to collect an alleged debt or debts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Deny.

**REQUEST FOR ADMISSION NO. 30:**

On or about June 1, 2006, Rita Boyce sent or caused to be sent a letter, a copy of which

- 8 -

is attached as Exhibit A to this discovery demand, to Plaintiff seeking to collect an alleged debt or debts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Deny.

**REQUEST FOR ADMISSION NO. 31:**

The letter, attached as Exhibit A to this discovery demand, was YOUR "initial communication" with Plaintiff within the meaning of 15 U.S.C. § 1692g.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admit.

**REQUEST FOR ADMISSION NO. 32:**

The letter, attached as Exhibit A to this discovery demand, was Duane Christy's "initial communication" with Plaintiff within the meaning of 15 U.S.C. § 1692g.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Admit.

**REQUEST FOR ADMISSION NO. 33:**

The letter, attached as Exhibit A to this discovery demand, was Michael Boyce's "initial communication" with Plaintiff within the meaning of 15 U.S.C. § 1692g.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Deny.

**REQUEST FOR ADMISSION NO. 34:**

The letter, attached as Exhibit A to this discovery demand, was Rita Boyce's "initial communication" with Plaintiff within the meaning of 15 U.S.C. § 1692g.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Deny.

**REQUEST FOR ADMISSION NO. 35:**

Duane Christy reviewed the form of the letter a copy of which is attached as Exhibit A to this discovery demand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Admit.

**REQUEST FOR ADMISSION NO. 36:**

Duane Christy approved the use of the form of the letter a copy of which is attached as Exhibit A to this discovery demand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Admit.

**REQUEST FOR ADMISSION NO. 37:**

Michael Boyce reviewed the form of the letter a copy of which is attached as Exhibit A to this discovery demand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Deny.

**REQUEST FOR ADMISSION NO. 38:**

Michael Boyce approved the use of the form of the letter a copy of which is attached as Exhibit A to this discovery demand

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Deny.

**REQUEST FOR ADMISSION NO. 39:**

Rita Boyce reviewed the form of the letter a copy of which is attached as Exhibit A to this discovery demand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Deny.

**REQUEST FOR ADMISSION NO. 40:**

Rita Boyce approved the use of the form of the letter a copy of which is attached as Exhibit A to this discovery demand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Deny.

**REQUEST FOR ADMISSION NO. 41:**

On June 28, 2006, YOU received a letter from Plaintiff, dated June 7, 2006, a copy of which is attached as Exhibit B to this discovery demand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Deny.

**REQUEST FOR ADMISSION NO. 42:**

On at least one occasion in the year preceding this LITIGATION, YOU failed to comply with at least one provision of the FDCPA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Objection. This Request for Admission is improper in that it is vague as to what provision Plaintiff is claiming was violated. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 43:**

On at least one occasion in the year preceding this LITIGATION, Duane Christy failed to comply with at least one provision of the FDCPA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Objection. This Request for Admission is improper in that it is vague as to what provision Plaintiff is claiming was violated. This Answering Defendant is without sufficient

- 11 -

knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 44:**

On at least one occasion in the year preceding this LITIGATION, Michael Boyce failed to comply with at least one provision of the FDCPA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Objection. This Request for Admission is improper in that it is vague as to what provision Plaintiff is claiming was violated. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 45:**

On at least one occasion in the year preceding this LITIGATION, Rita Boyce failed to comply with at least one provision of the FDCPA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Objection. This Request for Admission is improper in that it is vague as to what provision Plaintiff is claiming was violated. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 46:**

On at least one occasion in the two years preceding this LITIGATION, Duane Christy failed to comply with at least one provision of the FCRA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Objection. This Request for Admission is improper in that it is vague as to what provision Plaintiff is claiming was violated. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 47:**

On at least one occasion in the two years preceding this LITIGATION, Michael Boyce

failed to comply with at least one provision of the FCRA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Objection. This Request for Admission is improper in that it is vague as to what provision Plaintiff is claiming was violated. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 48:**

On at least one occasion in the two years preceding this LITIGATION, Rita Boyce failed to comply with at least one provision of the FCRA concerning Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Objection. This Request for Admission is improper in that it is vague as to what provision Plaintiff is claiming was violated. This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 49:**

YOU furnished information on the ACCOUNT to Equifax.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Deny.

**REQUEST FOR ADMISSION NO. 50:**

YOU furnished information on the ACCOUNT to Experian.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 51:**

YOU furnished information on the ACCOUNT to Trans Union.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 52:**

YOU willfully failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Deny.

**REQUEST FOR ADMISSION NO. 53:**

Duane Christy willfully failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Deny.

**REQUEST FOR ADMISSION NO. 54:**

Michael Boyce willfully failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Deny.

**REQUEST FOR ADMISSION NO. 55:**

Rita Boyce willfully failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Deny.

**REQUEST FOR ADMISSION NO. 56:**

YOU negligently failed to comply with the requirements of FCRA, including but not

limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Deny.

**REQUEST FOR ADMISSION NO. 57:**

Duane Christy negligently failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Deny.

**REQUEST FOR ADMISSION NO. 58:**

Michael Boyce negligently failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Deny.

**REQUEST FOR ADMISSION NO. 59:**

Rita Boyce negligently failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Deny.

**REQUEST FOR ADMISSION NO. 60:**

YOU accidentally failed to comply with the requirements of FCRA, including but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Deny.

**REQUEST FOR ADMISSION NO. 61:**

1    Duane Christy accidentally failed to comply with the requirements of FCRA, including

2    but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

4    Deny.

5

6    **REQUEST FOR ADMISSION NO. 62:**

7    Michael Boyce accidentally failed to comply with the requirements of FCRA, including

8    but not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

10    Deny.

11    **REQUEST FOR ADMISSION NO. 63:**

12

13    Rita Boyce accidentally failed to comply with the requirements of FCRA, including but

14    not limited to: 15 U.S.C. § 1681s-2 regarding Plaintiffs dispute of Defendant's Account.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

16    Deny.

17    **REQUEST FOR ADMISSION NO. 64:**

18    YOU complied with the requirements of FCRA, including but not limited to: 15 U.S.C.

19    § 1681s-2 regarding PLAINTIFF's dispute of the ACCOUNT.

20

21    **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

22    Admit.

23    **REQUEST FOR ADMISSION NO. 65:**

24    The ACCOUNT that YOU were attempting to collect from Plaintiff is a "debt" as

25    defined by the Fair Debt Collections Practices Act.

26    **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

27    Admit.

28

- 16 -

**REQUEST FOR ADMISSION NO. 66:**

There is no factual basis of which YOU know to support YOUR "First Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Deny.

**REQUEST FOR ADMISSION NO. 67:**

There is no factual basis of which YOU know to support YOUR "Second Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Deny.

**REQUEST FOR ADMISSION NO. 68:**

There is no factual basis of which YOU know to support YOUR "Third Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Deny.

**REQUEST FOR ADMISSION NO. 69:**

There is no factual basis of which YOU know to support YOUR "Fourth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 70:**

There is no factual basis of which YOU know to support YOUR "Fifth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 71:**

There is no factual basis of which YOU know to support YOUR "Sixth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 72:**

There is no factual basis of which YOU know to support YOUR "Seventh Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 73:**

There is no factual basis of which YOU know to support YOUR "Eighth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 74:**

There is no factual basis of which YOU know to support YOUR "Ninth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 75:**

There is no factual basis of which YOU know to support YOUR "Tenth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Deny.

**REQUEST FOR ADMISSION NO. 76:**

There is no factual basis of which YOU know to support YOUR "Eleventh Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 77:**

There is no factual basis of which YOU know to support YOUR "Twelfth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Admit.

**REQUEST FOR ADMISSION NO. 78:**

There is no factual basis of which YOU know to support YOUR "Thirteenth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Admit.

**REQUEST FOR ADMISSION NO. 79:**

There is no factual basis of which YOU know to support YOUR "Fourteenth Affirmative Defense" to Plaintiffs Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

This Answering Defendant is without sufficient knowledge, information or facts to admit or deny the Request and therefore denies the same.

Dated this 2 day of March, 2009.

THE BOURASSA LAW GROUP, LLC

MARK J. BOURASSA, ESQ. #7999
MOLLY C. KRAMER, ESQ. #9085
3025 W. Sahara Avenue, Suite 105
Las Vegas, Nevada 89102
Attorney for Defendant Aargon Agency, Inc.

- 20 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the _3rd_ day of March, 2009, I served a true and correct copy of the foregoing document entitled **AARGON COLLECTION AGENCY INC.'S RESPONSE TO PLAINTIFFS'S  REQUEST FOR ADMISSIONS** via first class, United States mail, postage prepaid addressed to the following persons:

Craig B. Friedberg, Esq.
4760 S. Pecos Road #103
Las Vegas, NV 89121

*Attorney for Plaintiff*

_____
An Employee of The Bourassa Law Group, LLC

# EXHIBIT   3

# EXHIBIT   3

1    **ANS**
     MARK J. BOURASSA, ESQ.
2    Nevada Bar No. 7999
     THE BOURASSA LAW GROUP, LLC
3    3025 W. Sahara Ave. Ste. 200
     Las Vegas, Nevada 89102
4    (702) 851-2180

5    Attorneys for Defendant Duane Christy.

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF NEVADA**

8
     BRIAN M. WILSON,                    )    Case No.: 2:07-cv-00616 LDG (LRL)
9                                        )
              Plaintiff,                 )
10                                       )
     vs                                  )
11                                       )    **DEFENDANT DUANE CHRISTY'S,**
     AARGON AGENCY, INC., A NEVADA       )    **ANSWER TO PLAINTIFF'S**
12   CORPORATION; DUANE CHRISTY;         )    **AMENDED COMPLAINT**
     DOES I-V INCLUSIVE AND ROE          )
13   CORPORATIONS VI-X, INCLUSIVE        )
                                         )
14            Defendants.                )
                                         )
15   _____    )

16              <u>**DEFENDANT DUANE CHRISTY'S ANSWER**</u>
                <u>**TO PLAINTIFF'S AMENDED COMPLAINT**</u>

17           COMES NOW, Defendant DUANE CHRISTY, by and through its attorney of record,

18   Mark J. Bourassa, Esq. and The Bourassa Law Group, LLC, and answers Plaintiff's Amended

19   Complaint as follows:

20       1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendant is without knowledge or

21             information sufficient to form a belief as to the truth of the allegations contained

22             therein, and therefore, denies the same.

23       2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations

24             contained therein.

25       3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations

26             contained therein.

27       4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations

28             contained therein.

                                    - 1 -

5.     Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits that Duane Christy is part owner, secretary/treasurer and "qualified manager" of Aargon. Defendant denies all other allegations contained therein.

6.     Answering Paragraph 6 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information regarding the acts "described *infra*" to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

7.     Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that Aargon is a debt collector.  With respect to the specific allegations made by Plaintiff regarding Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

8.     Answering Paragraph 8 of Plaintiff's Complaint, Defendant admits that Aargon is a furnisher of information.  With respect to the specific allegations made by Plaintiff regarding Christy, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

9.     Answering Paragraph 9 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore, denies the same.

- 2 -

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer, and therefore, Defendant reserves the right to amend the Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff take nothing by way of this action;

2.      For costs of suit incurred herein;

3.      For attorneys fees and costs; and,

4.      For all other such relief that this court deems just and proper.


DATED this 17th day of October, 2010.


THE BOURASSA LAW GROUP, LLC

*/s/ Mark J. Bourassa*

By:_____
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
*Attorney for Defendant*

- 9 -

1

## CERTIFICATE OF SERVICE

2

It is hereby certified that service of the forgoing DEFENDANT DUANE CHRISTY'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, was made through the Court's
electronic filing and notification, or, as appropriate, by sending a copy thereof by first-class mail
from Las Vegas, Nevada, addressed to the following addressee(s):

3

4

5   Craig V. Friedberg, Esq.
4760 S. Pecos Rd. Suite 103
6   Las Vegas, Nevada 89121
Counsel for Plaintiff

7

8

9   DATED this 17th day of October, 2010.

10                                  THE BOURASSA LAW GROUP, LLC

11                                  /s/ Mark J. Bourassa

12                                  _____
MARK J. BOURASSA, ESQ.
13                                  Nevada Bar No. 7999
3025 West Sahara Ave., Ste. 200
14                                  Las Vegas, Nevada 89102
Attorney for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

# EXHIBIT   4

# EXHIBIT   4

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC.**
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189

Attorneys for Defendant Aargon Agency, Inc.

## UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BRIAN M. WILSON | CASE NO.: 2:07-CV-00616-LDG (LRL) |
| Plaintiff, | |
| vs. | **AARGON AGENCY INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS** |
| AARGON AGENCY, INC., a Nevada corporation, DOES I-V, inclusive and ROE corporations VI-X, inclusive, | |
| Defendants. | |

## AARGON AGENCY'S RESPONSE TO

## PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

COMES NOW, PLAINTIFF AARGON AGENCY, INC., by and through its attorney of record, MARK J. BOURASSA, ESQ., of the law firm THE BOURASSA LAW GROUP, LLC., and submits this RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS.

**REQUEST FOR ADMISSION NO. 1:**

On or about May 31, 2006, Plaintiff called YOU regarding the ACCOUNT (hereinafter referred to as the "May 31, 2006 telephone call").

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Deny.

- 1 -

**REQUEST FOR ADMISSION NO. 2:**

During the May 31, 2006 telephone call, Plaintiff told you he did not owe any money on the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny.

**REQUEST FOR ADMISSION NO. 3:**

During the May 31, 2006 telephone call, Plaintiff requested charges and billing information from the CREDITOR relating to the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO. 4:**

YOU have no DOCUMENTS that can show that YOU sent Plaintiff any charges and billing information relating to the ACCOUNT as a result of the May 31, 2006 telephone call.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 5:**

Randall McClemy was YOUR employee on June 8, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit.

**REQUEST FOR ADMISSION NO. 6:**

On or about June 8, 2006, YOU received a letter from Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

The letter from Plaintiff you received on June 8, 2006 was dated June 7, 2006 (hereinafter referred to as the "June 7, 2006 letter").

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:**

The June 7, 2006 letter disputed the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection. The contents and meaning of the document speaks for itself. Notwithstanding said objection, this answering Defendant admits that the June 7, 2006 letter states "I believe this debt to be invalid."

**REQUEST FOR ADMISSION NO. 9:**

The June 7, 2006 letter requested you send to Plaintiff invoices, statements and the initial work order from the CREDITOR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection. The contents and meaning of the document speaks for itself. Notwithstanding said objection, this answering Defendant admits that the June 7, 2006 letter from Plaintiff requests "past due invoices and statements" and "a copy of the original work order for service."

**REQUEST FOR ADMISSION NO. 10:**

YOU called Plaintiff on June 8, 2006 to discuss payment of the ACCOUNT and left a message on Plaintiff's machine to call YOU back.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant admits that it computerized dialer system called Plaintiff on June 8, 2006 and

- 3 -

may have left a message.

**REQUEST FOR ADMISSION NO. 11:**

YOU called Plaintiff on June 12, 2006 to discuss payment of the ACCOUNT and left a message on Plaintiff's machine to call YOU back.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant admits that it computerized dialer system called Plaintiff on June 12, 2006 and may have left a message.

**REQUEST FOR ADMISSION NO. 12:**

The June 7, 2006 letter was scanned by YOUR employee into your computer system on June 13, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admit.

**REQUEST FOR ADMISSION NO. 13:**

YOU called Plaintiff on June 16, 2006 to discuss payment of the ACCOUNT and, as the call went unanswered, YOU left a message on Plaintiff's machine to call YOU back.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant admits that it computerized dialer system called Plaintiff on June 16, 2006 and may have left a message.

**REQUEST FOR ADMISSION NO. 14:**

YOU called Plaintiff on June 19, 2006 to discuss payment of the ACCOUNT and, as the call went unanswered, YOU left a message on Plaintiff's machine to call YOU back.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendant admits that it computerized dialer system called Plaintiff on June 19, 2006 and may have left a message.

- 4 -

**REQUEST FOR ADMISSION NO. 15:**

YOU called Plaintiff on June 22, 2006 to discuss payment of the ACCOUNT and, as the call went unanswered, YOU left a message on Plaintiff's machine to call YOU back.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Defendant admits that it computerized dialer system called Plaintiff on June 22, 2006 and may have left a message.

**REQUEST FOR ADMISSION NO. 16:**

YOU have no DOCUMENTS that can show that YOU sent Plaintiff invoices, statements or the initial work order from the CREDITOR as a result of the June 7, 2006 letter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

In the first half of 2006, it was YOUR policy and procedure to report debts assigned to you to Trans Union and Experian if those debts were in YOUR system for at least thirty days without a payment from the alleged debtor.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admit.

**REQUEST FOR ADMISSION NO. 18:**

In the first half of 2006, it was YOUR policy and procedure to report debts assigned to YOU to Trans Union and Experian on the first Saturday of each month.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

You received the ACCOUNT from the CREDITOR on or about May 25, 2006.

- 5 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

At no time did you receive any payment on the ACCOUNT from the Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

YOU reported the ACCOUNT to Trans Union and Experian by no later that August 5, 2006 and no sooner than July 1, 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant admits that the ACCOUNT had been reported to Experian and/or Trans Union by August 5, 2006. Nevertheless, this answering Defendant is without sufficient knowledge to identify the specific date of reporting of this account and therefore denies the remaining portions of this Request.

**REQUEST FOR ADMISSION NO. 22:**

When YOU first reported the ACCOUNT to Trans Union and Experian, you did not report that the ACCOUNT was disputed by the Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admit.

**REQUEST FOR ADMISSION NO. 23:**

YOU have no DOCUMENTS that can show that when YOU first reported the ACCOUNT to Trans Union and Experian, you also notified them that the ACCOUNT was disputed by the Plaintiff.

- 6 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admit.

**REQUEST FOR ADMISSION NO. 24:**

On or before August 31, 2006, you received a consumer dispute verification request from Trans Union indicating that Plaintiff was disputing the accuracy of the ACCOUNT information you previously reported to Trans Union.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

This answering Defendant admits that it received an E-Oscar dispute on August 31, 2006 However, this answering Defendant is currently unable to discern from its records whether the E-Oscar dispute originated from Trans Union or Experian and thus denies the remaining portions of this Request.

**REQUEST FOR ADMISSION NO. 25:**

On or before August 31, 2001(sic), you responded to Trans Union that the ACCOUNT information you had previously reported was accurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

This answering Defendant is unable to admit this Request because its response to the E-Oscar dispute was after August 31, 2006 and therefore denies the same.

**REQUEST FOR ADMISSION NO. 26:**

On or before August 31, 2001(sic), you failed to tell Trans Union, when you responded to Trans Union's consumer dispute verification request, that Plaintiff was disputing the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

This answering Defendant is unable to admit this Request because its response to the E-Oscar dispute was after August 31, 2006 and therefore denies the same.

**REQUEST FOR ADMISSION NO. 27:**

On or before August 31, 2006, you received a consumer dispute verification request from Experian indicating that Plaintiff was disputing the accuracy of the ACCOUNT information you previously reported to Experian.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

This answering Defendant admits that it received an E-Oscar dispute on August 31, 2006 However, this answering Defendant is currently unable to discern from its records whether the E-Oscar dispute originated from Trans Union or Experian and thus denies the remaining portions of this Request.

**REQUEST FOR ADMISSION NO. 28:**

On or before August 31, 2001(sic), you responded to Experian that the ACCOUNT information you had previously reported was accurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

This answering Defendant is unable to admit this Request because its response to the E-Oscar dispute was after August 31, 2006 and therefore denies the same.

**REQUEST FOR ADMISSION NO. 29:**

On or before August 31, 2001, you failed to tell Experian, when you responded to Experian's consumer dispute verification request, that Plaintiff was disputing the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

This answering Defendant is unable to admit this Request because its response to the E-Oscar dispute was after August 31, 2006 and therefore denies the same.

**REQUEST FOR ADMISSION NO. 30:**

On or before September 6, 2006, you received a consumer dispute verification request from Trans Union indicating that Plaintiff was disputing the accuracy of the ACCOUNT

1   information you previously reported to Trans Union.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

3       This answering Defendant admits that it received an E-Oscar dispute on August 31,

4
5   2006.  However, this answering Defendant is currently unable to discern from its records

6   whether the E-Oscar dispute originated from Trans Union or Experian and thus denies the

7   remaining portions of this Request.

8   **REQUEST FOR ADMISSION NO. 31:**

9       On or before September 6, 2006, you responded to Trans Union that the ACCOUNT

10  information you had previously reported was accurate.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

12      This answering Defendant admits that it received an E-Oscar dispute on August 31, 2006

13
14  and responded that the information provided was accurate.  However, this answering Defendant

15  is currently unable to discern from its records whether the E-Oscar dispute originated from

16  Trans Union or Experian and thus denies the remaining portions of this Request.

17  **REQUEST FOR ADMISSION NO. 32:**

18      On or before September 6, 2006, you failed to tell Trans Union, when you responded to

19  Trans Union's consumer dispute verification request, that Plaintiff was disputing the

20  ACCOUNT.

21
22  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

23      This answering Defendant admits that it received an E-Oscar dispute on August 31, 2006

24  and responded to the same without advising the credit reporting agency that Plaintiff was

25  disputing the account.  However, this answering Defendant is currently unable to discern from

26  its records whether the E-Oscar dispute originated from Trans Union or Experian and thus

27  denies the remaining portions of this Request.

28

**REQUEST FOR ADMISSION NO. 33:**

On or before September 6, 2006, you received a consumer dispute verification request from Experian indicating that Plaintiff was disputing the accuracy of the ACCOUNT information you previously reported to Experian.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

This answering Defendant admits that it received an E-Oscar dispute on August 31, 2006. However, this answering Defendant is currently unable to discern from its records whether the E-Oscar dispute originated from Trans Union or Experian and thus denies the remaining portions of this Request.

**REQUEST FOR ADMISSION NO. 34:**

On or before September 6, 2006, you responded to Experian that the ACCOUNT information you had previously reported was accurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

This answering Defendant admits that it received an E-Oscar dispute on August 31, 2006 and responded that the information provided was accurate. However, this answering Defendant is currently unable to discern from its records whether the E-Oscar dispute originated from Trans Union or Experian and thus denies the remaining portions of this Request.

**REQUEST FOR ADMISSION NO. 35:**

On or before September 6, 2006, you failed to tell Experian, when you responded to Experian's consumer dispute verification request, that Plaintiff was disputing the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

This answering Defendant admits that it received an E-Oscar dispute on August 31, 2006 and responded to the same without advising the credit reporting agency that Plaintiff was disputing the account. However, this answering Defendant is currently unable to discern from

its records whether the E-Oscar dispute originated from Trans Union or Experian and thus

denies the remaining portions of this Request.

**REQUEST FOR ADMISSION NO. 36:**

YOU have no DOCUMENTS that can show that when YOU responded to Trans

Union's consumer dispute verification request in 2006, you notified Trans Union that Plaintiff

was disputing the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Admit.

**REQUEST FOR ADMISSION NO. 37:**

YOU have no DOCUMENTS that can show that when YOU responded to Experian's

consumer dispute verification request in 2006, you notified Experian that Plaintiff was disputing

the ACCOUNT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Admit.

**REQUEST FOR ADMISSION NO. 38:**

Duane Christy became aware of Plaintiff's lawsuit against Aargon on July 25, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Admit.

**REQUEST FOR ADMISSION NO. 39:**

Duane Christy reviewed Plaintiff's lawsuit on or about July 25, 2007.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Admit.

**REQUEST FOR ADMISSION NO. 40:**

At no time between July 25, 2007 and March 1, 2008, did YOU notify Experian that

Plaintiff disputed the ACCOUNT information you previously reported to and verifed with Experian.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Deny.

**REQUEST FOR ADMISSION NO. 41:**

At no time between July 25, 2007 and March 1, 2008, did YOU notify Trans Union that Plaintiff disputed the ACCOUNT information you previously reported to and verified Trans Union.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Deny.

**REQUEST FOR ADMISSION NO. 42:**

YOU did not notify Trans Union to remove the ACCOUNT information until some time between January 1, 2009 and January 31, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Deny.

**REQUEST FOR ADMISSION NO. 43:**

YOU did not notify Trans Union to remove the ACCOUNT information until some time between February 1, 2009 and February 28, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Deny.

**REQUEST FOR ADMISSION NO. 44:**

YOU did not notify Trans Union to remove the ACCOUNT information until some time between March 1, 2009 and March 31, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

- 12 -

Deny.

**REQUEST FOR ADMISSION NO. 45:**

YOU did not notify Trans Union to remove the ACCOUNT information until some time between April 1, 2009 and April 30, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Deny.

**REQUEST FOR ADMISSION NO. 46:**

YOU did not notify Experian to remove the ACCOUNT information some time between January 1, 2009 and January 31, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Deny.

**REQUEST FOR ADMISSION NO. 47:**

YOU did not notify Experian to remove the ACCOUNT information until some time between February 1, 2009 and February 28, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Deny.

**REQUEST FOR ADMISSION NO. 48:**

YOU did not notify Experian to remove the ACCOUNT information until some time between March 1, 2009 and March 31, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Deny.

**REQUEST FOR ADMISSION NO. 49:**

YOU did not notify Experian to remove the ACCOUNT information until some time between April 1, 2009 and April 30, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Deny.

**REQUEST FOR ADMISSION NO. 50:**

The only DOCUMENT YOU have produced in this lawsuit that provides contemporaneous information regarding what was done by YOU on the ACCOUNT is the collection notes identified as ACA000006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Admit.

**REQUEST FOR ADMISSION NO. 51:**

You are a member of ACA International, the Association of Credit and Collection Professionals (hereinafter referred to as "ACA").

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Admit.

**REQUEST FOR ADMISSION NO. 52:**

You receive ACA "Fastfax" documents regarding the FCRA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Deny.

**REQUEST FOR ADMISSION NO. 53:**

You receive ACA "Fastfax" documents regarding the Fair Debt Collection Practices Act.

///
///
///
///

- 14 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Deny.

Dated this 2 day of June, 2009.

THE BOURASSA LAW GROUP, LLC

_____
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
3025 West Sahara Ave., Suite 105
Las Vegas, Nevada 89102
Tel: (702) 851-2180
Fax: (702) 851-2189

Attorney for Defendant Aargon Agency, Inc.

- 15 -

**CERTIFICATE OF MAILING**

1

2      I HEREBY CERTIFY that on the _3ʳᵈ_ day of June, 2009, I served a true and correct copy

3
of the foregoing document entitled **AARGON COLLECTION AGENCY INC.'S RESPONSE**
4
**TO PLAINTIFFS'S  REQUEST FOR ADMISSIONS** via first class, United States mail,
5
postage prepaid addressed to the following persons:
6

7    Craig B. Friedberg, Esq.
     4760 S. Pecos Road #103
8    Las Vegas, NV 89121

9    *Attorney for Plaintiff*

10
                                          _____
11                                         An Employee of The Bourassa Law Group, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28