

1  CRAIG B. FRIEDBERG, ESQ.
   Nevada Bar No. 004606
2  4760 South Pecos Road, Suite 103
   Las Vegas, Nevada 89121
3  Phone: (702) 435-7968; Fax: (702) 946-0887
   Attorneys for Plaintiff
4

5

6              UNITED STATES DISTRICT COURT

7                  DISTRICT OF NEVADA

8  BRIAN M. WILSON,                    CASE NO.: 2:07-cv-616 LDG (VCF)

9              Plaintiff,

10 vs.
                                       **PLAINTIFF'S SEPARATE
11 AARGON AGENCY, INC., a Nevada       STATEMENT OF UNDISPUTED
   corporation, DUANE CHRISTY, DOES I -V, FACTS IN SUPPORT OF MOTION
12 inclusive and ROE Corporations VI-X, FOR PARTIAL SUMMARY
   inclusive,                          JUDGMENT**
13
              Defendants.
14

15         COMES NOW Plaintiff, BRIAN M. WILSON (hereinafter Plaintiff or "Mr.

16 Wilson"), by and through his attorney, Craig B. Friedberg, and respectfully submits the

17 following separate statement of undisputed facts in support of Plaintiff's motion for

18 partial summary judgment.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

1

**PLAINTIFF BRIAN WILSON'S**
**UNCONTROVERTED FACTS:**

2

3
No. 1:  Defendant Aargon Agency, Inc.
("Aargon") is a "debt collector" as defined
4
by 15 U.S.C. § 1692a(6) of the Fair Debt
Collection Practices Act ("FDCPA").
5

6

7
No. 2:  Defendant Duane Christy
("Christy") is a debt collectors as defined
8
by 15 U.S.C. § 1692a(6) of the FDCPA.

9

10

11
No. 3:  Defendants were retained by
Impulse Telecom, a local telephone
12
service provider, concerning an allegedly
unpaid account to Mr. Wilson.
13

14
No. 4:  Mr. Wilson is a "consumer" as
defined by 15 U.S.C. § 1692a(3) of the
15
FDCPA

16

17

18
No. 5:  The telephone account upon which
Defendants were attempting to collect was
19
primarily incurred for personal, family or
household purposes.

20

21

22

23
No. 6:  Defendants were assigned Mr.
Wilson's account on May 25, 2006. (Facts
24
¶6).

25

26

27

28

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA  89121
(702) 435-7968   Telecopier (702) 946-0887

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

No. 7:  On May 31, 2006, Defendants called Mr. Wilson on the telephone and left a message. The message identified the caller and the collection agency and asked for Mr. Wilson to call back to a telephone number provided in the message.

No. 8:  On or about June 1, 2006 Defendants mailed their initial letter to Mr. Wilson. The letter noted that Defendants were attempting to collect $392.63 which they claimed was overdue on an account they indicated Mr. Wilson had with a company called Impulse Telecom.  The letter did not explain what type of company Impulse Telecom was, what it did, nor when the alleged account became past due.  There was nothing in the letter that would have allowed Mr. Wilson to investigate the legitimacy of the alleged delinquent account.

No. 9:  On June 7, 2006, Mr. Wilson sent a letter to Defendant Aargon disputing the debt, explaining that he was not familiar with a company named Impulse Telecom, and requesting proof that he owed money on the account, including past due invoices and statements, the address to which the Impulse Telecom service was provided, and the original work order that allegedly established service with the company (hereinafter "dispute letter"). He also requested that if the Defendants were unable to provide the information requested, that they remove the account from their file, cease all collection activities against him and to not report any negative information to any credit bureau to which they report.

- 3 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

No. 10:  Mr. Wilson sent the dispute letter to Defendants via FedEx Ground, for next day delivery. It was delivered and signed for by Randall McClemy, an Aargon employee, on June 8, 2006.

No. 11:  On June 8, 2006, Defendants called Mr. Wilson looking to collect on the Impulse Telecom account and left another message on Mr. Wilson's answering machine.  The message left was similar to the one left on May 31.

No. 12:[1]  On June 9, 2006, Mr. Wilson's dispute letter was marked in Defendants' computer system to be scanned in.

No. 12A:  For an unknown reason, the letter was not scanned into the computer system until June 13, 2006.

No. 13:  On June 12, 2006, four (4) days after Defendants received Mr. Wilson's dispute letter, someone from Defendant Aargon called attempting to collect on the disputed account and left another message on Mr. Wilson's answering machine, similar to the previous two messages left on May 31, 2006 and June 8, 2006. Mr. Wilson was disturbed to receive the telephone call and message from the Defendants because he had not received anything in the mail responding to his dispute letter and he had asked in that letter for Defendants to stop their collection activity until their response was mailed to him.

- 4 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1   No. 14:  On June 16, 2006, eight (8) days
2   after Defendants received Mr. Wilson's
    dispute letter, and three (3) days after it
3   was scanned into their computer system,
    Defendants again called Mr. Wilson
4   attempting to collect on the disputed
    account and left another message similar
5   to the previous three.

6
7   No. 15:  On June 19, 2006, eleven (11)
    days after Defendants received Mr.
8   Wilson's dispute letter, and six (6) days
    after it was scanned into their computer
9   system, Defendants again called Mr.
    Wilson attempting to collect on the
10  disputed account and left another
    message similar to the previous four.
11
12  No. 16:  On June 22, 2006, fourteen (14)
    days after Defendants received Mr.
13  Wilson's dispute letter, and nine (9) days
    after it was scanned into their computer
14  system, Defendants again called Mr.
    Wilson attempting to collect on the
15  disputed account and left another
    message similar to the previous five.
16
17
18  No. 17:  Upon receiving the fifth telephone
    collection message from Defendants after
19  Mr. Wilson overnighted his dispute letter,
    Mr. Wilson had finally had enough of the
20  collection calls from Defendants and
    called them back in the late afternoon on
21  June 22, 2006.  Mr. Wilson advised them
    that he had sent them, and they had
22  received,  his written dispute letter, which
    they had not answered, that the telephone
23  calls needed to stop and that he was not
    going to pay them anything until they sent
24  him proof that he owed money to Telecom
    Impulse.  Mr. Wilson was told that the
25  billing records verifying the account
    would be mailed to him.
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

No. 18:  After the telephone conversation Mr. Wilson had with Defendants on June 22, 2006, Mr. Wilson still did not receive anything from the Defendants verifying the disputed account, but the telephone calls did stop.

No. 19:  On August 12, 2006, Mr. Wilson pulled up his credit reports, and much to his dismay, found that Defendants had placed a derogatory tradeline regarding the Impulse Telecom account with both Experian and TransUnion, even though they had never responded to his dispute letter.

No. 20:  It was Defendants practice and procedure at that time to place accounts they were assigned with Experian and TransUnion if no payments were  received from the consumer within thirty (30) days of the assignment.

No. 21:  Since Mr. Wilson did not pay the disputed account, Defendants sent the information regarding the Impulse Telecom account to Experian and TransUnion no later than August 5, 2006.

No. 22:  Defendants did not report the account as disputed when they sent their information to Experian and TransUnion.

No. 23: On August 14, 2006, Mr. Wilson contacted Experian by email and disputed the Defendants' tradeline, telling Experian that Defendants never responded to his written dispute nor his request for details about the disputed account to demonstrate that he owed Impulse Telecom money.

1

2

3

4   No 23A:  On August 14, 2006, Mr. Wilson
    contacted TransUnion by email and
5   disputed the Defendants' tradeline,
    advising TransUnion that Defendants
6   never responded to his written dispute nor
    his request for details about the disputed
7   account to demonstrate that he owed
    Impulse Telecom money.
8

9   No. 24:  On August 20, 2006, Mr. Wilson
    went to Jared Jewelry to purchase his wife
10  a Rolex watch as a surprise gift and he was
    denied the 12 month no interest financing
11  deal because of the Defendants'
    derogatory tradeline on his credit report.
12  He ended up having to have his wife apply
    for the financing deal,  essentially needing
13  to have her involved in buying her own
    gift.
14
    No. 25: As a result of Mr. Wilson
15  disputing the account with the credit
    bureaus, Defendants received an
16  automated consumer dispute verification
    ("ACDV") form on its E-Oscar system, on
17  or about August 31, 2006, from one or
    both of Experian and TransUnion.
18
    No. 26: Defendants responded to back to
19  Experian and/or TransUnion by (a)
    verifying the information it had previously
20  supplied them regarding the account was
    accurate; and (b) did not advise them that
21  Wilson was disputing the account.

22

23

24
    No. 27: Both Experian and TransUnion
25  received Defendants' responses verifying
    the account information and without any
26  notation that Mr. Wilson was disputing
    the account; and subsequently notified
27  Mr. Wilson that Defendants had verified
    the account and, therefore, no changes to
28  it would be made.

Law Offices of
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1
2
3
4
5
6
7
8
9

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

10  No. 28: In September 2006, Mr. Wilson
was attempting to refinance his home to
11  use some of the excess equity in the
property and use it for home
12  improvements.  Because of the
Defendants' derogatory account
13  information in his credit reports, Mr.
Wilson could not receive the best rates
14  available to him at that time had he not
had the negative tradeline.

15  No. 29: On May 10, 2007, Mr. Wilson filed
the instant action, within which, he again
16  reiitrates his dispute regarding the subject
account.  The lawsuit was served on
17  Defendants, through their resident agent
on July 6, 2007.  Defendants received the
18  actual complaint no later than July 25,
2007.

19
20  No. 30: In August 2007, Mr. Wilson,
disputed the subject account with
21  Experian and TransUnion a second time.
As a result of Mr. Wilson disputing the
22  account with the credit bureaus,
Defendants received an automated
23  consumer dispute verification ("ACDV")
form on its E-Oscar system, on or about
24  August 31, 2006, from one or both of
Experian and TransUnion.

25  No. 31:  Both Experian and TransUnion
received Defendants' responses again
26  verifying the account information and
without any notation that Mr. Wilson was
27  disputing  the account; and subsequently
notified Mr. Wilson that Defendants had
28  verified the account and, therefore, no
changes to it would be made.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

No.32: On February 11, 2008, Mr. Wilson wrote lengthy letters to both Experian and TransUnion explaining his situation and also enclosing the complaint that was filed in this action.  The letters were mailed to the CRAs within the next day or two.  He received a letter from TransUnion, dated February 19, 2008, stating that it would contact Defendants to advise them of his dispute and would ask Defendants to verify the accuracy of the reported information.

No. 33:

1.

- 9 -