CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
Law Offices of Craig B. Friedberg, Esq.
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968
Fax: (702) 946-0887
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN M. WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>AARGON AGENCY, INC., a Nevada corporation, DUANE CHRISTY, DOES I -V, inclusive and ROE Corporations VI-X, inclusive,<br><br>    Defendants. | CASE NO.:  2:07-cv-616 LDG (VCF)<br><br>MOTION IN LIMINE TO EXCLUDE REFERENCE TO ATTORNEY'S MOTIVES OR ATTORNEY'S FEES |

COMES NOW Plaintiff, BRIAN M. WILSON (hereinafter Plaintiff or "Mr. Wilson"), by and through his attorney, Craig B. Friedberg, and moves the Court for an Order in limine that Defendants Aargon Agency, Inc. ("Aargon") and Duane Christy ("Christy), their witnesses, and attorneys shall not reference, suggest or mention, within the hearing of the jury, the availability of an award of attorney's fees to Plaintiff Mr. Wilson should he succeed in this litigation or that the action is being pursued for the benefit of the attorneys.

### ARGUMENT

FDCPA and FCRA Defendants often claim that the Plaintiff's attorney's fee recovery is the "engine running this suit." That claim is contrary to the intent of Congress that the FDCPA and FCRA be enforced by private attorneys rather than overburdened public servants. *Graziano v. Harrison*, 950 F.2d 107. 113-14 (3d Cir. 1991)(FDCPA "mandates an award of attorney's fee as a means of fulfilling Congress'

1 intent that the Act should be enforced by debtors acting as private attorneys general").

2 Moreover, the argument is spurious where, as here, it is completely within Defendants' power to keep Plaintiff's fee to a minimum. Defendants mount a stalwart defense with full awareness that they are exposing themselves to a higher award of fees by doing so. *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981). *See also Lipsett v. Blanco*, 975 F.2d 943, 941 (1st Cir. 1992). They cannot be heard to complain when this comes to pass.

"The award of attorney's fees is a matter for the judge not the jury." *Brooks v. Cook*, 938 F.2d 1048, 1050 (9th Cir. 1991). The Ninth Circuit went further to state:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are normal, there is a risk that the jury may believe that the 'harm' does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees.

## CONCLUSION

WHEREFORE, a Motion in Limine should be granted directing Defendants Aargon and Christy, and Defendants' witnesses and attorneys, not to reference, suggest or mention, within the hearing of the jury, the availability of an award of attorney's fees to Plaintiff Mr. Wilson.

DATED this 27th day of August 2014.

Respectfully submitted by:

LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

*/s/ Craig Friedberg*
CRAIG B. FRIEDBERG
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121

*Attorney for Plaintiff*