MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Telephone: (702) 851-2180
Facsimile:  (702) 851-2189
Email: mbourassa@bourassalawgroup.com
          trichards@bourassalawgroup.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN M. WILSON,<br><br>                     Plaintiff,<br><br>vs.<br><br><br>AARGON AGENCY, INC., a Nevada corporation, DUANE CHRISTY, DOES I-V, inclusive and ROE Corporations VI-X, inclusive,<br><br>                     Defendants. | Case No.: 2:07-CV-00616-LDG (VCF)<br><br>**OPPOSITION TO PLAINTIFF'S**<br>**CONSOLIDATED MOTION IN LIMINE** |

Defendants Aargon Agency, Inc. and Duane Christy ("Defendants"), by and through their attorneys, Mark J. Bourassa, Esq. and Trent L. Richards, Esq. of THE BOURASSA LAW GROUP, LLC, hereby submit their Opposition to Plaintiff's Consolidated Motion in Limine [dkt 96] (the "Motion").

This Opposition is made and based upon the pleadings and records on file herein, the following Memorandum of Points and Authorities, and such evidence and argument as may be

//

//

//

- 1 -

presented at the hearing on this Motion, if any.

DATED this 20th day of October, 2015

THE BOURASSA LAW GROUP, LLC

By: */s/ Mark Bourassa*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
*Attorney for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION AND STATEMENT OF FACTS.**

Defendant Aargon Agency, Inc. is engaged in the business of the collection of debts belonging to third parties. Docket No. 61 at ¶ 7. Defendant Duane Christy is Aargon's Director and CEO.

Account Notes are generated and maintained by Aargon in connection with every debt referred to it for collection. They contain the record of every contact Aargon has with a consumer as well as every action taken with respect to the account. Aargon also maintains a detailed compliance manual that it supplies to all employees which contains a step-by-step process regarding the handling of disputes made by consumers. During the litigation of this matter, contrary to Plaintiff's contention, Aargon produced this manual, which consists of hundreds of pages. *See* **Exhibit A**, transmittal letter and receipt of copy for supplemental disclosures. In particular, Aargon produced its "Dispute Letter Flow Chart," which gives employees detailed instructions regarding, among other things, which boxes to check in Aargon's computer system to ensure that accounts are placed on hold pending resolution of the dispute, to ensure that proper reporting is made to the reporting bureaus, and to ensure that letters receive responses in a timely manner.

On or about June 1, 2006, Aargon sent Plaintiff a dunning letter regarding a debt owed to its client, Globalnet Communications, a/k/a Impulse Telecom. According to the Account Notes regarding Plaintiff, on or about June 13, 2006, Aargon received Plaintiff's written dispute regarding the validity of Plaintiff's unpaid account. Pursuant to Aargon's policies and procedures, the dispute letter was scanned into Aargon's computer system and forwarded to Aargon's clerical department for review and action on June 13, 2006.

For some unknown reason, however, and despite the procedures set forth in the Dispute Letter Flow Chart, no response was sent to Plaintiff regarding his dispute letter. On June 22, 2006, Plaintiff called Aargon and requested all further communication with him be in writing. Pursuant to Aargon's policies and procedures, on June 22, 2006, Aargon placed a hold on all calls to Plaintiff. No further calls were made to Plaintiff.

On August 31, 2006, Plaintiff caused an electronic credit reporting dispute ("E-Oscar") to be sent to Aargon. In response to the E-Oscar dispute, on August 31, 2006, Aargon placed all credit reporting of the matter on hold. On September 6, 2006, an Aargon employee was able to confirm that the alleged debt was in fact Plaintiff's and responded to the E-Oscar as valid. Aargon's credit reporting of Plaintiff's account was based on the information provided to Aargon by the original creditor.

Plaintiff filed his original Complaint in this matter against Aargon Agency, Inc. on May 10, 2007, alleging that Aargon violated the FDCPA, 15 U.S.C. §1692 *et seq.*, and the FCRA, 15 U.S.C. § 1681 *et seq*. *See* Docket No. 1. Thereafter, Plaintiff also filed a Motion to Amend the Complaint to, *inter alia*, add Christy as a party. *See* Docket No. 13. The Court subsequently granted Plaintiff's Motion to amend his Complaint. *See* Docket No. 47. Christy filed his Answer on October 17, 2010. *See* Docket No. 60.

**II. Argument.**

**A. Plaintiff's Motion In Limine Re: Aargon Collection Manual Should Be Denied.**

In his Motion, Plaintiff seeks to exclude Aargon's "Collection Manual" and contends that "Plaintiff has requested a copy of all policy and procedure manuals" and that "[n]one were produced." However, this is wholly incorrect. Plaintiff has produced hundreds of pages of its policy and procedure manuals in this matter. *See* **Exhibit A**. Indeed, part of the manual was filed

- 3 -

with this Court in connection with Aargon's Opposition to Plaintiff's Motion for Summary Judgment nearly three years ago in January of 2013.  As these documents were produced in this litigation, and are relevant to the determination of Aargon's Bona Fide Error defense, they are properly admissible.  *See* Fed. R. Evid. 402.   While Plaintiff contend that the "Collection Manual" is not admissible based upon testimony of Christy, Christy testified only that hard copies of the manuals were destroyed.  *See* Mot. at 5-6.  As Plaintiff has not shown that the "collection manual" is inadmissible, Plaintiff's Motion should be denied.

### B. Plaintiff's Motion In Limine Re: Joint And Several Liability Of Christy Is Inappropriate And Should Be Denied.

Next, Plaintiff appears to seek exclusion of any evidence that Christy is not jointly and severally liable.  However, Plaintiff's purported Motion *in limine* does not seek the Court's ruling on an evidentiary issue; instead, it seeks summary judgment on the issue of joint and several liability.  This is an improper motion *in limine*, and must be denied on that basis.  *Petty v. Metro. Gov't of Nashville & Davidson Cnty.*, 687 F.3d 710, 720-21 (6th Cir. 2012) (it is "improper" to grant "a motion for summary judgment 'masquerading' as a motion in limine").

Indeed, as the Court has stated, "the Court will not convert a motion in limine into a motion for summary judgment, because this would deprive litigants of the 'procedural protections of notice which the federal rules require before judgment on the merits may be granted.'" *Badger v. Wal-Mart Stores, Inc*., No. 2:11-CV-1609-KJD-CWH, 2013 WL 3297084, at *4 (D. Nev. June 28, 2013) (*quoting Bradley v. Pittsburgh Bd. of Educ*., 913 F.2d 1064, 1070 (3d Cir.1990)); *see also Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013).  "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."  *Bradley*, 913 F.2d at 1069. "In sum, where 'the motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered.'" *Badger,* 2013 WL 3297084, at *4 (*quoting Louzon*, 718 F.3d at 563); *see also Williams v. Johnson,* 747 F.Supp.2d 10, 14 (D.D.C.2010) ("In light of their limited purpose, motions *in limine* should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.")

(internal quotation marks omitted); *Hinkle v. Ford Motor Co.*, No. 3:11–24–DCR, 2012 WL 5868899, at *8 (E.D. Ky. Nov. 20, 2012) ("[T]he Court will not rule on this substantive issue in a motion in limine."); *Bell v. Prefix, Inc.*, No. 05–74311, 2009 WL 3614353, at *1 (E.D. Mich. Nov. 2, 2009) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.") (internal quotation marks omitted); *Ohio Oil Gathering Corp. III v. Welding, Inc.*, No. 2:09–cv–782, 2010 WL 5135999, at *3 (S.D. Ohio Dec. 9, 2010) ("Defendant's motion is more a motion for judgment on the pleadings or for summary judgment ... than it is a motion *in limine*. The time for filing such dispositive motions has long closed, however, and Defendant cannot evade this Court's summary judgment deadline simply by captioning its dispositive motion in a creative manner."); *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F.Supp.2d 853, 873 (W.D. Mich. 2008) ("Defendants' motion does not raise questions of the admissibility of certain evidence or suggest that the jury would somehow be prejudiced by the evidence. Accordingly, there is no basis, as a motion *in limine*, for excluding this evidence.").

The deadline for Plaintiff to move for summary judgment in this matter more than six years ago. *See* Doc. 81. Plaintiff should not be allowed to evade this deadline and seek summary judgment through this motion *in limine* in disguise. Furthermore, Plaintiff's Motion contains no evidentiary support whatsoever, and therefore does not meet the requirements of Federal Rules of Civil Procedure Rule 56. Fed. R. Civ. Proc. 56(c). Plaintiff has not shown an ***evidentiary*** basis for excluding evidence relating to joint and several liability. Plaintiff's Motion must therefore be denied in its entirety.

### C. Plaintiff's Motion In Limine Re: Admitted And Uncontradicted Facts Is Unnecessary And Should Be Denied.

Next, Plaintiff seeks to exclude any evidence that does not conform to the facts that Plaintiff contends have been admitted by Defendants. Plaintiff cites no authority for the proposition that this evidence is inadmissible.

Plaintiff bears the burden of proof as to his claims. He cannot circumvent that burden by attempting to have the Court exclude any evidence contrary to his claims. On the contrary, "[i]t is a misuse of a motion *in limine* to attempt to compel a witness or a party to conform his or her trial testimony to a preconceived factual scenario based on testimony given during pretrial discovery."

- 5 -

*Kelly v. New W. Fed. Sav.*, 49 Cal. App. 4th 659, 672, 56 Cal. Rptr. 2d 803, 810 (1996). To the extent that Aargon or Christy has admitted any fact and offers testimony or evidence at trial that contradicts that admission, Plaintiff is free to offer the admission into evidence for impeachment purposes. *Id.* ("One purpose of pretrial discovery is to pin down the testimony of parties and witnesses which can be used for impeachment at the time of trial.").

Furthermore, Plaintiff has failed to identify any specific evidence it contends that Aargon or Christy will introduce that would allegedly "contradict" admitted facts. Plaintiff has failed to identify a single document, witness, or other tangible thing that it anticipates that Aargon or Christy will introduce, rendering it impossible for Defendants to meaningfully respond to his Motion. *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y.1996) (*citing United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002) aff'd, 349 F.3d 1276 (10th Cir. 2003) (A party filing a motion *in limine* "should identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground. A court is well within its discretion to deny a motion *in limine* that fails to identify the evidence with particularity or to present arguments with specificity."). Plaintiff is asking to have this Court rule in a vacuum as to the potential admissibility of unspecified evidence. *See Kelly*, 49 Cal. App. 4th at 671, 56 Cal. Rptr. 2d at 809 (1996). (denying a motion *in limine* where "no factual support was presented in connection with the motions, meaning the court would have to rule in a vacuum."). Thus, Plaintiff's Motion should be denied.

### D. Plaintiff's Motion In Limine Re: Financial Repercussions For Defendants Should Be Denied As It is Unsupported.

Plaintiff appears to seek exclusion of all evidence relating to the financial repercussion of a verdict on any party. Aargon does not dispute that such evidence or argument would be inappropriate, as it would not be relevant to the claims or defenses at issue in this matter.[1]

### E. Plaintiff's Motion In Limine Re: Settlement Negotiations Should Be Denied As It Is Unnecessary.

---

[1] It is unfortunate that Plaintiff did not contact counsel for Aargon to discuss motions in limine prior to filing, as this Motion could have been avoided.

- 6 -

Next, Plaintiff seeks exclusion of settlement discussions in this matter. As Plaintiff notes, such evidence is already precluded by Federal Rule of Evidence Rule 408. To the extent that Plaintiff simply seeks a ruling from this Court *in limine* that Defendants must follow the law as set forth in Rule 408, Plaintiff's Motion is inappropriate and should be denied on that basis. *See Kelly*, 49 Cal. App. 4th at 670, 56 Cal. Rptr. 2d at 809 (a motion *in limine* seeking a ruling "which would merely be declaratory of existing law" is improper). Moreover, Defendants will follow the Rules of Evidence at trial as it is bound to do, and therefore this Motion simply unnecessary.

### F. Plaintiff's Motion In Limine Re: Undisclosed Evidence Should Be Denied As It Is Unnecessary.

Lastly, Plaintiff seeks to have the Court exclude any evidence not disclosed in this matter. Plaintiff's one-sentence motion fails to identify a single document, witness, or other tangible thing that it anticipates that a party will attempt to introduce at trial in violation of the disclosure requirements of the Federal Rules of Civil Procedure. Plaintiff has also not provided any facts in support of his motion, and therefore it is unclear what Plaintiff exactly is seeking to exclude. *National Union*, 937 F. Supp. at 287; *Kelly*, 49 Cal. App. 4th at 671, 56 Cal. Rptr. 2d at 809.

### III. CONCLUSION.

For all the foregoing reasons, Defendant requests that the Court deny Plaintiff's Consolidated Motion in Limine.

DATED this 20th day of October, 2015.

**THE BOURASSA LAW GROUP, LLC**

By: */s/ Mark Bourassa*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of October 2015, I served a true and correct copy of the foregoing document entitled **OPPOSITION TO PLAINTIFF'S CONSOLIDATED MOTION IN LIMINE** via the CM/ECF filing system and U.S. Mail to the following persons:

Craig B. Friedberg, Esq.
4760 S. Pecos Road #103
Las Vegas, NV 89121
*Attorney for Plaintiff*

/s/ Hilary Steward
An employee of
The Bourassa Law Group, LLC