UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN M. WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>AARGON AGENCY INC., et al.,<br><br>    Defendants. | 2:07-cv-0616-LDG-VCF<br><br>**ORDER** |

On October 3, 2015, plaintiff Brian Wilson filed a consolidated motion in limine (#96). Defendants Aargon Agency, Inc., and Duane Christy filed a timely opposition (#98). Judges have broad discretion when ruling on motions in limine, *see, e.g.*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). The court rules as follows on the consolidated motion in limine:

I.    <u>Aargon Collection Manual</u>

Plaintiff seeks preclusion at trial of any reference to policy and procedure manuals that were in use from 2006 through 2008. He asserts that although he requested during discovery a copy of all of these manuals, that none were produced, and that defendant Christy, admitted during his deposition on August 11, 2009, that some two weeks before he had instructed his personnel to have all of the hard copies of the written manuals shredded, and that "everything was now electronic." Deposition of Duane Christy, August 11, 2009, 63:8 - 64:18. According to plaintiff,

this practice destroyed any manual that would have been current between May 26, 2006, and December 10, 2008, leaving defendants with proffering oral testimony as to the manual's contents which would violate the federal corollary to the "best evidence rule," Fed. R. Evid. 1001 and 1002. For their part, defendants argue that they produced hundreds of pages of policy and procedure manuals, and that only hard copies of old manuals had been destroyed.

The best evidence rule "requires not, as its common name implies, the best evidence in every case, but rather the production of an original document instead of a copy." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1318 (9th Cir. 1986). Pursuant to Fed. R. Evid. 1002, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." For purposes of the rule, "'[w]ritings' and 'recordings' consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation." Fed. R. Evid. 1001. Federal Rule of Evidence 1001(3) further instructs that when records or data are stored "in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original.""

For defendants' printouts of the electronic collection manual to be admissible as an "original," they must be "shown to reflect the data accurately." The accuracy of the printouts would be a preliminary question of admissibility to be determined by the court. Fed. R. Evid. 104(a) and 1008. However, the record in this case is inadequate for the court to make that determination at this time. Before seeking to introduce the printouts of any collection manuals or any testimony regarding them, defendants will be required to make a proffer outside of the presence of the jury to show that the printouts reflect the data in the collection manuals that would have been current for any particular relevant time period between May 26, 2006, and December 10, 2008. The motion in limine will be granted to that extent.

II.  Joint and Several Liability of Duane Christy

Plaintiff moves to preclude any suggestion to the jury that they must find Duane Christy to be the alter ego of Aargon or that plaintiff has the burden to pierce Aargon's corporate veil to establish Christy's liability. The Ninth Circuit "has not reached the issue of what kind of action the officer of a debt collection company must take to be personally liable under the [Federal Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA")]. *Cruz v. International Collection Corp.*, 673 F.3d 991, 1000 (9th Cir. 2012). In *Cruz*, a case not discussed by either party in their briefs, the Ninth Circuit set out a two-step process for determining liability under 15 U.S.C. § 1692: "1) whether the individual qualifies as a debt collector, and 2) whether that individual has taken an action that violates the FDCPA." *Id*. at 1000.[1] In addressing "whether an officer may be held personally liable based solely on the action of serving in his role as officer of the company," the *Cruz* court held that "[w]e need not reach this question in this case, however, as [defendant] himself was personally involved in at least one violation of the FDCPA present in this case." *Id*. Likewise, this court will defer on ruling on the open question of whether a defendant can violate the FDCPA without being an alter ego of the corporation until determination of whether defendant

---

[1]The *Cruz* court commented on the split among the circuits as to whether the corporate veil must be pierced for liability to accrue to officers or employees of a debt collection company:

> In addressing the individual liability under the FDCPA of officers whose debt collecting companies have violated the Act, our sister circuits have focused primarily on the first step, the resolution of whether or not an officer of a debt collection company meets the definition of debt collector; this is a point on which they are divided. *Compare Kistner v. Law Offices of Michael P. Margelefsky,* LLC, 518 F.3d 433, 437-38 (6th Cir. 2008) ("[S]ubjecting the sole member of an LLC to individual liability for violation of the FDCPA will require proof that the individual is a 'debt collector,' but does not require piercing of the corporate veil."), *with Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) ("[Shareholders or employees of debt collection companies] do not become 'debt collectors' simply by working for or owning stock in debt collection companies . . . except perhaps in limited instances where the corporate veil is pierced.").

Christy is liable based on his own personal activities.[2]  The motion in limine will be denied to that extent.

III.     Admitted and Uncontradicted Facts

Plaintiff moves in limine to preclude any testimony, argument, or evidence that would tend to contradict any of the facts that have been previously admitted or stated in the Joint Pretrial Order dated May 26, 2015 (#96).  Section 111. A (1-4) of the Pretrial Order is a list of jointly admitted facts which both parties agree require no proof.  Section IV. B of that Order is a list of facts which the defendant asserts will not be contested at trial by contrary evidence.  Pursuant to Fed. R. Civ. P. 16(d), the Pretrial Order controls the course of trial.  The parties are bound by their stipulations, as they were accepted by the court.  The court may sanction any party or its attorney who fails to obey a pretrial order and must impose fees and costs.  Fed. R. Civ. P. 16(f)(1)( c) and (2).  The court also has inherent authority to enforce its orders during trial.  Plaintiff's motion in limine to preclude any testimony, argument, or evidence that would tend to contradict any of the facts that have been previously admitted or stated in the Joint Pretrial Order will be granted.

IV.      Financial Repercussions for Defendants

Plaintiff moves to exclude discussion or argument referring to the financial repercussions of a verdict for plaintiff on defendants.  Such evidence or argument is irrelevant and should be excluded.  In addition, contrary to defendants' assertions that plaintiff seeks exclusion of all evidence or argument of financial repercussions relating to any party, plaintiff seeks only to preclude evidence or argument relating to impact on defendants.  Evidence or argument relating to the affect of defendants' conduct on plaintiff's financial condition is relevant to damages.  The

---

[2] Moreover, the question of whether an officer or director may be liable under the FDCPA is also a substantive issue which would require the procedural protections before the granting of a judgment, and not appropriate for determination as a motion in limine. *See Badger v. Wal-Mart Stores, Inc.*, No. 2:11-cv-1609, 2013 WL 3297084, at *4 (D. Nev. June 28, 2013) (citing *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1069-1070 (3d Cir. 1990)).

motion to exclude evidence or argument of financial impact of a verdict for plaintiff on defendants will be granted.

V.      Settlement Negotiations

The parties agree that evidence relating to settlement negotiations in this case shall be excluded.  See Fed. R. Evid. 408.

VI.     Undisclosed Evidence

The court will preclude evidence not disclosed pursuant to Fed. R. Civ. P. 37(b) and ( c), and Local Rule 16-3(d).

THE COURT HEREBY ORDERS that plaintiff's motion in limine (#96) is GRANTED in part and DENIED in part as follows:

(1) With respect to Part III of the motion in limine (exclusion of Aargon collection manual evidence), before seeking to introduce the printouts of any collection manuals or any testimony regarding them, defendants will be required to make a proffer outside of the presence of the jury to show that the printouts reflect the data in the collection manuals that would have been current for any particular relevant time period between May 26, 2006, and December 10, 2008.

(2) With respect to Part IV of the motion in limine (liability of defendant Christy in the absence of proving alter ego), the court will defer ruling on the open question of whether a defendant can violate the FDCPA without being an alter ego of the corporation until determination of whether defendant Christy is liable based on his personal activities.

. . .

. . .

. . .

. . .

(3)  Parts V (admitted and uncontroverted facts), VI (financial repercussions), VII (settlement negotiations), and VIII (undisclosed evidence) are GRANTED.

Dated this __13__ day of November, 2015.

_____
Gloria M. Navarro
Chief United States District Judge