**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

BRIAN M. WILSON,

                Plaintiff,

vs.

AARGON AGENCY INC., *et al.*,

                Defendants.

2:07-cv-00616-LDG-VCF

**<u>REPORT AND RECOMMENDATION</u>**
**<u>REGARDING CONSENT ORDER</u>**

The court has reviewed the following:

      1. Plaintiff's Motion for Entry of Consent Order and Request for Attorney's Fees Under 28 U.S.C. § 1927 and/or the Inherent Power of the Court (ECF No. 140, 143, and 145),

      2. Defendants' Opposition to Plaintiff's Motion for Entry of Consent of Order and Request for Attorneys' Fees Under 28 U.S.C. § 1927 and/or the inherent power of the court (ECF No. 144 and, 146),

      3. Plaintiff's Consolidated Response/Reply to [143], [144] and [146] (ECF No. 147),

      4. Declaration of Craig B. Friedberg in support of Plaintiff's Consolidated Response/Reply (ECF No. 148, 150, and 151).

      Plaintiff commenced suit against Defendant Aargon Agency, Inc. on May 10, 2007. (ECF No.1). This matter arises out of Plaintiff's allegations that Aargon failed to validate a debt as required by the Fair Debt Collection Practices Act, 15 U.S.C. 1692 ("FDCPA"), and failed to mark the debt as disputed as required by the Fair Credit Reporting Act, 15 U.S.C. 1681 ("FCRA"). On November 16, 2015, trial commenced before the Honorable District Court Chief Judge Gloria M. Navarro. (ECF No. 119).  On Day 6 of Trial, this case settled.  (ECF. No. 132).   Since the case has settled, IT IS HEREBY

1  RECOMMENDED THAT the Motion to Strike Documents and Testimony of Douglas Price (ECF No.

2  129), Motion for Judgment as a Matter of Law pursuant to Rule 50(a) (ECF No. 130) and Motion for

3  Judgment as a Matter of Law Pursuant to Rule 50(a) regarding FDCPA and FCRA (ECF No. 131) be

4  DENIED as MOOT.

5       The remaining motions arise out of the parties' efforts to draft the Consent Order which was due

6  on December 7, 2015.  (ECF No. 132).  The record reflects that the while the parties were in agreement

7  regarding the most important material terms of the settlement agreement, profound, good faith

8  disagreements arose regarding the proper mechanism for enforcement and the scope of confidentiality.

9       On May 27, 2016, a hearing was held on Plaintiff's Motion for Entry of Consent Order and Request

10 for Attorney's Fees Under 28 U.S.C. § 1927 and/or the Inherent Power of the Court (ECF Nos. 140, 143,

11 and 145).  The Court canvassed and heard representations from the parties.  During a sealed portion of

12 that hearing, the most important material terms of the settlement agreement were stated on the record and

13 agreed to by the parties under seal, together with an agreed statement regarding the current states of

14 payments under the agreement, which have all been timely received.

15      There is a presumption of public access to judicial files and records.  In the event that counsel files

16 or lodges with the Court any Confidential Information, all documents attaching, quoting from, or

17 otherwise revealing the content of Confidential Information shall be filed under seal in accordance with

18 Local Rule IA 10-5 [and the Ninth Circuit decision in *Kamakana v. City and County of Honolulu*, 447

19 F.3d 1172 (9th Cir. 2006)], or as otherwise required by the Court.

20      A party seeking to file a confidential document or utilize a confidential document at trial must

21 comply with the Ninth Circuit's directives in *Kamakana*:

22
23
24
25
     Unless a particular court record is one "traditionally kept secret," a "strong presumption in
     favor of access" is the starting point. ... A party seeking to seal a judicial record then bears
     the burden of overcoming this strong presumption by meeting the "compelling reasons"
     standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific
     factual findings," that outweigh the general history of access and the public policies
     favoring disclosure. ¶ In general, "compelling reasons" sufficient to outweigh the public's
     interest in disclosure and justify sealing court records exist when such "court files might

have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

Here, balancing the public's general right to inspect and copy public records and documents, including judicial records, with the parties' and court's interest in resolving disputes fairly and efficiently, I find compelling reasons to prevent disclosure of the total dollar amount of the settlement payment terms and the dollar amount of a judgment which would be entered should the defendants fail to abide by the payment terms. Based on this finding I am recommending the entry of a redacted consent order with the simultaneous filing of the unredacted version under seal.

Considering the record before the court and the arguments and representations of counsel, the undersigned U. S. Magistrate Judge makes the following RECOMMENDATIONS:

1.     Plaintiff's Motion for Sanctions ECF No. 140 should be DENIED, together with any other requests for Sanctions by any party included in the currently pending motions.

2.     Defendants' Motion to Enforce Settlement ECF No. 143 and Plaintiff's Motion for Entry of Consent Order ECF No. 145 should be GRANTED in part and DENIED in part, as follows:

a.     A redacted version of the Consent Order attached hereto as Exhibit 1 should be signed by the court and filed on the Docket.

b.     An unredacted version of the Consent Order attached hereto as Exhibit 2 should be signed by the court and filed on the Docket under seal.

DATED this 27th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

BRIAN M. WILSON,

           Plaintiff,

vs.

AARGON AGENCY, INC, *et al.*,

           Defendants.

2:07-cv-00616-LDG-VCF

**CONSENT ORDER**

THIS MATTER having been called for trial, each party having answered "ready," the trial then commencing, the parties did inform the court that they had reached an agreement to resolve this matter, and they hereby stipulate to the following terms and conditions, it is hereby ORDERED:

(1) The Defendants, and each of them, acknowledges service of the Summons, Complaint and Amended Complaint and agree to the jurisdiction and venue of this Court.

(2) Although the Defendants deny any wrongdoing or liability, they agree that Plaintiff's Amended Complaint states concisely the facts upon which Plaintiff relies in claiming money due from Defendants. Should Plaintiff seek entry of judgment pursuant to Paragraph 5 of this agreement, Defendants will not dispute that the gross judgment amount of ███████ was justly due. Upon an appropriate factual showing, however, Defendants may dispute the credit which should be applied to calculate the judgment.

(3) In the event of nonpayment or breach of settlement terms as detailed in the Confession of Judgment, Plaintiff shall be entitled to a judgment in the amount of ███████ less credits already paid for damages in this Action. Defendant has agreed to make payments on the following schedule: The first payment shall be paid no later than December 23, 2015; followed by payments on or before the 15th day of each successive month, starting with January 15, 2016, and continuing for the next 9 months thereafter, with the final payment on or before October 15, 2016. If the 15th day of any month falls on a Sunday or a "Legal Holiday" listed in the Federal Rules of Civil Procedure 6(a)(6)(A), then the payment must be

1  received by the non-Sunday and/or non-Legal Holiday day before the 15th of that month. Payments must

2  be received by Plaintiff's counsel by the dates set forth above.

3      In the event of a default (including, but not limited to, any payment not being received by

4  Plaintiff's counsel by the deadline for that payment, or any check timely received but returned not paid by

5  the processing institution or by the filing for bankruptcy protection in any bankruptcy court in the United

6  States), counsel for Plaintiff shall send notice to the Court and all Counsel of Record via the CM/ECF

7  system advising of the non-payment, and Defendant shall be given seven (7) calendar days from the date

8  the payment should have been received, or the date of the filing of the default notice, whichever is longer,

9  to cure the default.

10     (4) Time is of the essence and the payments shall be made out to "Craig B. Friedberg Trust

11  Account" and received at the Law Offices of Craig B. Friedberg, Esq., 4760 South Pecos Road, Suite 103,

12  Las Vegas, Nevada 89121.

13     (5) Should Defendants fail to make any installment payment by the due date and fail to cure within

14  seven (7) calendar days from the longer of the filing of the default notice or the date the payment should

15  have been received, then upon a sworn declaration by Plaintiff's Counsel as to the default, Plaintiff shall

16  be entitled to a Judgment for the full amount ███████████ less any payments made pursuant to this

17  Consent Order and Confession of Judgment. Defendants agree to pay the actual attorneys' fees and costs

18  incurred by Plaintiff in order to enforce the Stipulated Consent Order and Plaintiff's collection of the

19  balance owed on the Judgment.

20     (6) In light of notice of a settlement in this matter being placed on the record [132] and entry of

21  this consent order, Plaintiff's motion to strike documents and testimony of Douglas Prince [129],

22  Plaintiff's 50(a) motion re: Defendants' bona fide error defense [130] and Plaintiff's 50(a) motion re:

23  Defendant's FDCPA violations and negligent FCRA violations are denied as moot.

24

25

1        (7) This action may be administratively closed for statistical purposes with the right of any party

2   to reopen to enforce this Consent Order. Within fourteen (14) days of the completion of all payments by

3   Defendants, the parties shall file a stipulation of dismissal with prejudice in the case.

4        DATED this _____ day of _____, 2016.

5

6

7                                                    _____
                                                     Lloyd D. George
8                                                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25